IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**WILLIAM ABRAHAM GASSAWAY,[1]**
      **Plaintiff,**

**vs.**                                                   **Case No. 3:06cv48/RV/MD**

**PRINCESS LOREE FRENCH, et al.,**
      **Defendants.**

---

**ORDER and
REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se* has filed a civil rights complaint pursuant to 42 U.S.C. §1983. (Doc. 1). He has also filed a motion to proceed *in forma pauperis*. (Doc. 2). For the limited purpose of dismissal of the complaint, leave to proceed *in forma pauperis* will be granted.

Plaintiff is currently incarcerated at Florida State Prison. Named as defendants in this matter are Princess Loree French, an employee of Home Depot Company; Home Depot Company; and Escambia County Deputy Sheriff Rene Vasquez Requindin. Plaintiff claims defendants committed libel and violated his rights under the First, Fifth, Eighth and Fourteenth Amendments when they "false[ly] labeled the plaintiff as a shoplifter" on June 23, 2003. (Doc. 1, p. 8). As relief, plaintiff seeks monetary damages in excess of one million dollars.

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

---

[1] The court takes judicial notice of information on the Florida Department of Corrections Offender Information Network, January 29, 2006, stating that plaintiff, whose DOC (Department of Corrections) number is 053865, is also known as: John Bates, William Gassaway, William A. Gassaway, William A. Gassoway, Jr., Vill Gasspwau, William Thomas, Richard Castleberry, William Gassaway, Jr., William Gassoway, William Abraham Gassoway, Jr. and Terry Paul. *See* www.dc.state.fl.us.

is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

On page six of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (besides those listed above in Questions (A) and (B))[2] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "No." (Doc. 1, p. 6). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed no cases. On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or <u>prior to service</u>? If so, identify each and every case so dismissed." (*Id.*, p. 6) (emphasis added). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No," and disclosed no cases. At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 8). Thus, plaintiff has in effect stated that he has initiated no lawsuits in federal court that related to the conditions of his confinement, or that were dismissed prior to service.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. §

---

[2] Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action. Plaintiff responded to both questions in the negative.

*Case No: 3:06cv48/RV/MD*

1915(g)[3], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[4]

Upon review of the file the Clerk has advised, and this court may take judicial notice, that plaintiff previously initiated at least one other civil action in federal court that was dismissed prior to service. The case of *William Gassoway and Anthony L. Cooper v. Governor Bush*, case number 3:05cv992-TJC-HTS, was a civil rights case filed in the United States District Court for the Middle District of Florida on September 29, 2005.[5] There, plaintiff and his fellow prisoner complained that prison officials at Florida State Prison had not delivered their eyeglasses to them. The case was dismissed on September 30, 2005, prior to service. The basis of dismissal as to plaintiff Gassoway was that he failed to exhaust his administrative remedies prior to filing suit. (*See Gassoway, et al. v. Governor Bush*, case number 3:05cv992, Doc. 3). The judgment in that case was not appealed. Plaintiff did not disclose this case in the instant complaint.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all

---

[3] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[4] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

[5] This case may be positively identified as having been filed by plaintiff because it bears his DC number: 053865.

*Case No: 3:06cv48/RV/MD*

prior actions was required.[6]  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Therefore, this court should not allow plaintiff's false responses to go unpunished.  The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff is warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  See *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (*pro se, in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 1st day of February, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[6] The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (Doc. 1, p. 5) (emphasis in original).